The opinion of the Court was delivered by
O’Neall, J.
When this case was before the Court at a former term, (6 Rich. 100,) it disposed of the questions affecting the general liability of the defendant. His contract to pay the debt to Chancellor Caldwell, was there put on the same footing as an indemnity. The questions now presented are, 1st. Is the defendant liable to pay interest on the' money paid by the plain *25 tiff, in discharge of the debt to Chancellor Caldwell? 2d. Is he liable for the costs, and interest on the same ?
The first question divides itself into two inquiries — 1st, the liability generally; and 2d, is he liable for the interest unless it be counted for ?
That a principal, or one who undertakes to indemnify another, is liable for interest, is too clear to admit of doubt. In Schmidt vs. Limehouse, 2 Bail. 276, it is said by the Judge delivering the opinion, “ I admit that for money had and received, money lent, or paid, interest is generally recoverable from the day on which it is received, lent, or paid ; for it is at that moment that the law imposes the duty to pay it, and it is then due and payable.” This was in conformity (so far as money had and received, and money paid, were concerned) to what Had been ruled and said in Sollee & Warley vs. Meugy, 1 Bail. 620-3, 4. The same thing was repeated in Aiken vs. Peay, 5 Strob. 15-18.
The debt and interest paid to Caldwell constitute the principal, which the plaintiff is entitled to recover, and upon that he is entitled to recover interest from the times at which he respectively paid it.
But it is urged, he cannot recover it, unless he has counted specially for the interest. The general rule is, where the law gives interest as a matter of course, there a count is unnecessary. For then it is a necessary incident of the principal, and follows it as inseparably as the shadow the substance. Where the interest depends upon a contract to pay it, then generally, it must be counted for specially. In this case, on looking at the declaration, it seems to me the plaintiff has actually counted for the interest claimed. But this was unnecessary.
2. The next question is, whether the plaintiff is entitled to recover the costs which he paid, and the interest on the same. If entitled to the costs, it follows from the previous part of this opinion, that he is entitled to interest upon the same as for so much money paid.
In Legare & O'Hair vs. Fraser, (3 Strob. 378-80,) it is said, *26 “ There is nothing in the second ground — the counsel fee, like the costs and expenses incurred, might be recovered, if the plaintiffs litigated in good faith.”
In Cleveland vs. Covington, (3 Strob. 184,) it was held and ruled that the principal is liable for costs paid by his surety. It is very true, if sureties litigate improperly, or if one indemnified cause a suit to be set on foot against him, costs could not be recovered. The defendant here has no cause of complaint; he promised to pay the debt to Chancellor Caldwell, and when it was demanded from the plaintiff, he was called upon for payment, and refused.
If he had to pay a much larger bill of costs than is now demanded, it is no more than what he might expect from such folly.
The motion is granted.
Wardlaw, Withers, Whitner and Glover, JJ., concurred.

Motion granted.